1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, | CASE NO. 12-CV-1749-MMA-DHB |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND RELEASE OF LIFE INSURANCE PROCEEDS** |
| vs. | |
| | [Doc. No. 31] |
| ANA BERTA ALVAREZ, et al., | |
| Defendants. | |

This matter is now before the Court on Defendant Theresa Hawkins'[1] Motion for Default Judgment.  [Doc. No. 31.]  For the following reasons, the Court **GRANTS** the motion.

## DISCUSSION

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  However, a party who obtains an entry of default is not entitled to default judgment as a matter of right.  *See Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D.

---

[1]All references to Theresa Hawkins in this Order relate to her as the Administrator of the Estate of David Alvarez.

Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  *See In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the moving party, (2) the merits of the moving party's substantive claim, (3) the sufficiency of the moving party's claims, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Warner Bros.*, 346 F. Supp. 2d at 1071-72 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Here, the Court finds that the majority of the factors weigh in favor of granting Hawkins' motion for default judgment against the absent Defendants. First, Defendant Hawkins has properly litigated her claim and will be prejudiced if the entry of judgment is delayed.  The Court also finds that Defendant Hawkins' Answer sufficiently alleges substantive claims which concern a significant amount of money.  Further, in light of the fact that Defendants Ana Berta Alvarez and Monica Figueroa (individually and as Administrator of the Estate of Teresa Cabrales Alvarez) have not appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to their excusable neglect.  This Court therefore finds that factors (1) through (6) weigh in favor of granting Hawkins' motion.  The only factor that weighs against granting the motion is the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court determines that default judgment in favor of Defendant Hawkins is warranted.

<u>**CONCLUSION AND ORDER**</u>

Based on the foregoing,

**IT IS HEREBY ORDERED THAT**:

(1)  Default Judgment is entered against Defendants Ana Berta Alvarez, Monica Figueroa, and Monica Figueroa as Administrator of the Estate of Teresa Cabrales Alvarez, and in favor of Theresa Hawkins as Administrator of the Estate of David Alvarez.  The Court finds that Theresa Hawkins as Administrator of the Estate of David Alvarez is entitled to all proceeds of the life insurance policy pertaining to decedent David Alvarez in this action, and on deposit with this Court in this action.

(2) On or about July 17, 2012, Plaintiff deposited with the Clerk of Court the sum of **$103,821.92**, which represented the face value of the life insurance policy plus interest.  [Doc. No. 4.]  On February 11, 2013, the Court discharged Plaintiff Protective Life Insurance Company, and awarded Plaintiff $6,160.76 in costs and reasonable attorney fees.  [Doc. No. 27.]  The Clerk of Court shall release the remaining **$97,661.16**, including all interest, to Defendant Theresa Hawkins as Administrator of the Estate of David Alvarez.

(3)  The Clerk of Court shall enter final judgment accordingly and terminate this case.

**IT IS SO ORDERED**.

DATED: March 21, 2013

Hon. Michael M. Anello
United States District Judge

12-CV-1749